UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORVAUGHN M. LUCAS,

                    Plaintiff,

    v.                                              Case No. 19-cv-1619-pp

DEPUTY PLEW, and
CORRECTIONS OFFICER GIBBS,

                    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

      Plaintiff Georvaughn M. Lucas, a former inmate at the Racine County Jail who is representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983. Dkt. No. 1. This order resolves the plaintiff's motion to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint, dkt. no. 1.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Generally, once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id. Because the plaintiff was released from incarceration on February 11, 2020, see dkt. no. 9, he no

1

longer has a prisoner trust account. However, he still has the obligation to pay the balance of the $350 filing fee over time.

On December 6, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $32.20 by December 30, 2019. Dkt. No. 8. The deadline came and went without the court receiving the fee, and the court issued an order giving the plaintiff another opportunity to pay the initial partial filing fee by February 27, 2020. Dkt. No. 10. On February 25, 2020, the court received the initial partial filing fee. The court grants the plaintiff's motion for leave to proceed without prepayment of the filing fee and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Allegations in the Complaint

The complaint alleges that on October 13, 2019 defendant Deputy Plew sexually assaulted him during a pat-down search in Day Room 4B in Racine County Jail. Dkt. No. 1 at ¶¶2-4. The plaintiff states that he believes defendant Plew assaulted him "out of discrimination." Id. at ¶5. The plaintiff alleges that on October 14, 2019 at approximately 8:36 p.m., defendant corrections officer Gibbs took the plaintiff's inmate complaints and "threw [the] complaints away in Admittance." Id. at ¶3. The plaintiff believes Gibbs did this to protect his

3

fellow officer. Id. at ¶5.

    C.    Analysis

The complaint does not say whether the plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged events. If the plaintiff was a pretrial detainee, his claims arise under the Fourteenth Amendment. See Hardeman v. Curran, 933 F.3d 816, 823 (7th Cir. 2019) (citing Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015)). Under the Fourteenth Amendment, a pretrial detainee needs to show only that the defendant's actions were objectively unreasonable—"not rationally related to a legitimate non-punitive governmental purpose" or apparently "excessive in relation to that purpose." Id. at 822 (quoting Kingsley, 135 S. Ct. at 2473).

If the plaintiff was a convicted inmate, his same claims would arise under the Eighth Amendment, which prohibits cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). When a prison official is conducting a security measure such as a pat-down search of an inmate, he "can violate the Eighth Amendment in one of two ways: by maliciously inflicting pain or injury or by performing some action that is 'intended to humiliate the victim or gratify the assailant's sexual desires.'" Gills v. Pollard, 554 F. App'x. 502, 505 (7th Cir. 2014) (quoting Washington v. Hively, 695 F.3d 641, 643 (7th Cir 2012); Guitron v. Paul, 675 F.3d 1044, 1046 (7th Cir. 2012)). While the plaintiff's complaint is short on factual details, at the screening stage, the court must liberally construe a self-represented person's filings, Parker v. Four Seasons Hotels, Ltd., 845 F.3d 807, 811 (7th Cir. 2017). Under either the Fourteenth Amendment objective unreasonableness standard or the Eighth Amendment standard, the plaintiff

4

has stated a claim against Plew. He has provided the specific time, date and location where the alleged sexual assault occurred, and a sexual assault is objectively unreasonable and cruel and unusual. The plaintiff may proceed on his claim that Plew sexually assaulted him.

The plaintiff's claim against Gibbs implicates his due process rights under the Fourteenth Amendment. Because inmates "have a right to complain about prison conditions and a right to seek redress for their injuries . . . prison officials may not prevent inmates from filing inmate complaints." Boriboune v. Berge, No. 04-cv-0015-C, 2005 WL 840367 at *4 (W.D. Wis. Apr. 11, 2005) (citing Walker v. Thompson, 288 F.3d 1005 (7th Cir. 2002)). A constitutional violation exists where a prison official deprives an inmate "of his opportunity to contest the merits of the charge before the grievance board or sabotage his change to obtain redress." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). The plaintiff alleges that defendant Gibbs threw away the plaintiff's inmate complaints to protect his fellow officer. Again, the complaint is short on factual details. The court infers, however, that the plaintiff's complaints were about Plew's alleged sexual assault and that the plaintiff believes Gibbs threw them away to protect Plew. If so, the plaintiff has alleged that Gibbs sabotaged his chance to seek redress for Plew's alleged sexual assault. The court will allow the plaintiff to proceed on a due process claim against Gibbs.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the

5

complaint and this order on defendants Deputy Plew and Corrections Officer Gibbs under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Deputy Plew and Corrections Officer Gibbs to file a responsive pleading to the complaint.

The court **ORDERS** that the plaintiff shall pay the remaining **$317.80** balance of the filing fee by sending payments to the Clerk of Court when he is able.

The court will issue a separate order **REFERRING** this case to Magistrate Judge William E. Duffin for pretrial proceedings.

The court **ORDERS** that the parties may not begin discovery until after the court issues a scheduling order setting deadlines for discovery and dispositive motions.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court of any change of address. The

plaintiff's failure to keep the court advised of his whereabouts may result in the court dismissing this case without further notice.

The court will include a guide titled "Answers to Prisoner Litigants' Common Questions," which contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 27th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**