UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORVAUGHN M. LUCAS,

            Plaintiff,

v.                                              Case No. 19-cv-1619-pp

DEPUTY PLEW and
CORRECTIONS OFFICER GIBBS,

            Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 24) AND DISMISSING CASE WITHOUT PREJUDICE

        Plaintiff Georvaughn M. Lucas filed this case alleging that the defendants violated his civil rights under 42 U.S.C. §1983 when he was confined at the Racine County Jail. Dkt. No. 1. The defendants have filed a motion for summary judgment in which they contend that the plaintiff failed to exhaust his administrative remedies. Dkt. Nos. 24, 26.

        On April 26, 2021, the court ordered the plaintiff to file his response to the defendants' motion in time for the court to receive it by May 24, 2021. Dkt. No. 29. The court advised the plaintiff that if it did not receive his response by May 24, 2021, the court had the authority to treat the motion as unopposed, accept all the defendants' facts as undisputed and decide the motion without any input from the plaintiff. Id. at 2. The May 24, 2021 deadline has passed, and the plaintiff has not filed a response to the defendants' motion for summary judgment. The court will treat the defendants' summary judgment

1

motion as unopposed, accept the defendants' facts as undisputed and decide the motion without a response from the plaintiff.

The plaintiff alleged that on October 13, 2019, defendant Deputy Plew sexually assaulted him during a pat-down search at the Racine County Jail. Dkt. No. 1 at ¶¶2-4. The plaintiff also alleged that the next day, defendant Officer Gibbs took the plaintiff's inmate complaints and "threw [the] complaints away in Admittance." Id. ¶3. The plaintiff alleged that he believes Gibbs did this to protect his fellow officer. Id. at ¶5.

The defendants' unopposed proposed findings of fact indicate that the plaintiff was booked into Racine County Jail on July 23, 2019, a transfer from the Wisconsin Department of Corrections as a "DOC Rental Inmate." Dkt. No. 25 at ¶1. The plaintiff discharged from the jail on or about February 11, 2020 to go on supervised release. Id. at ¶4.

According to the Racine County Inmate Handbook in effect on October 13, 2019, the administrative grievance procedure available to the plaintiff provided, in relevant part:

> Grievances/Complaints: During your confinement you may feel you have a basis for a grievance or complaint. A grievance process is available to all inmates of the Racine County Jail, and a grievance may be properly filed without fear of retaliation. Inmates must first attempt to resolve a grievance on an informal basis with a correctional staff member. If an informal resolution cannot be reached, then a formal grievance may be filed by use of an "Inmate Request" form; these forms are available on all housing units. Describe the situation and nature of the grievance as completely as possible, and submit the form to jail staff. It will be forwarded to the Jail Sergeant for review. The Jail Sergeant will determine whether the grievance has merit, what steps (if any) will be taken, and respond to the inmate. If the inmate is not satisfied with the decision, then he/she may file an "appeal with the Jail Captain. The

Captain will further review the matter, make a determination, and respond to the inmate. . . .

\* \* \*

A. A grievance must be filed within seven (7) calendar days of the occurrence. Perceived futility of the grievance process is not a legitimate reason for not adhering to the grievance procedure.

\* \* \*

D. The grievance must address a matter in which the inmate is personally affected in one of the following ways: health, safety/welfare, disciplinary procedure, facility operation, or availability of services.

E. The grievance must pertain to a rule or procedure; its misuse or overuse; or alleged misconduct by jail staff in the administration of such rules.

\* \* \*

G. Properly submitted grievances will be investigated and a response to the grievance will be given within fourteen (14) calendar days.

H. If a grievance is denied, an appeal may be filed with the Jail Captain within seven (7) days after the denial was received.

I. If a grievance is appealed and a response is not received within seven (7) days of filing the appeal, the appeal is considered to be denied.

\* \* \*

K. Inmates who need assistance in submitting a grievance or understanding the process should speak to jail staff. If the inmate is reluctant to discuss the grievance with a correctional officer, he/she may ask to speak to a jail supervisor.

Id. at ¶5. The handbook was available to the plaintiff at the time he was incarcerated at jail. Id. at ¶6.

The plaintiff submitted grievances throughout his period of incarceration at the jail, but none of them concerned the alleged incident that occurred on

3

October 13, 2019 involving Plew or involving Gibbs's alleged destruction of federal complaints and grievances the following day. Id. at ¶7.

The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion an inmate to comply with the rules applicable to the grievance process at the inmate's institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

The plaintiff did not file a grievance referencing the alleged incidents with Gibbs or Plew. While the plaintiff asserts that the day after the incident with Plew, Gibbs threw away "federal complaints and grievances" that presumably related to his claim against Plew, the plaintiff had another six days to submit a grievance with another officer or to speak with a supervisor. The plaintiff's inmate records reflect that he filled out multiple request/grievance forms during his confinement at the jail, but none of them refer to October 13 or October 14 incidents involving the defendants.

The court concludes that the plaintiff failed to exhaust his available administrative remedies before filing this federal lawsuit. The court will grant the defendants' unopposed motion for summary judgment and dismiss the case without prejudice. See Barnes v. Briley, 420 F.3d 673, 676 (7th Cir. 2005) (citations omitted).

The court **GRANTS** the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 24. The court **DISMISSES** this case without prejudice.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 21st day of June, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**